UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXIA BESSE DAIGNEAULT,

    Plaintiff,

v.                                       Case No.:  8:22-cv-02885-VMC-NHA

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**REPORT & RECOMMENDATION**

I recommend Plaintiff's Unopposed Motion for Attorney's Fees, brought pursuant to the Equal Access to Justice Act ("EAJA"), (Doc. 31) be granted, and Plaintiff be awarded $8,827.50 in attorneys' fees.

On February 21, 2024, the Court entered an order reversing and remanding the Commissioner's decision against Plaintiff, pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 29. The Clerk then entered judgment in Plaintiff's favor. Doc. 30. Plaintiff now requests an award of attorney's fees in the amount of $8,827.50. Doc. 31.

For Plaintiff to be awarded fees under the EAJA, five conditions must be established: (1) Plaintiff must timely file an application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort

suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990). Defendant bears the burden of demonstrating both that its position was substantially justified and that special circumstances exist that make the award unjust. *United States v. Aisenberg*, 358 F.3d 1327, 1339 n. 18 (11th Cir. 2004).

Here, Plaintiff timely filed her application for EAJA fees on March 31, 2024, which was within 30 days of the date the judgment became final. Docs. 30, 31. Plaintiff does not specifically state in her motion for fees that she had a net worth of less than $2 million at the time her Complaint was filed (*see* Doc. 31), but Plaintiff's affidavit of indigency (Doc. 7), filed at the inception of this action, is proof that her net worth was then less than $2 million. Plaintiff was the prevailing party in this social security action. Doc. 30; *see also* 28 U.S.C. § 2412(d)(1)(A); *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). Further, Plaintiff contends that Defendant's position was not substantially justified, and that no special circumstances exist which would make an award of attorney's fees and costs unjust in this instance. See 28 U.S.C. § 2412(d)(1)(A). Defendant does not

2

challenge these contentions. Indeed, Defendant does not oppose this motion. Doc. 31, p. 1.

The amount to be awarded in EAJA fees is decided under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd* 496 U.S. 154 (1990). The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

Plaintiff seeks an attorneys' fee award of $8,827.50. This amount is based Plaintiff's attorney expending 53.3 hours on the case at hourly rates ranging from $236.25 (in 2022) to $243.75 (in 2024) (Doc. 31-1), and then reducing that amount by approximately 30% as a compromise with Defendant. Doc. 31. I find the fee request to be reasonable given the Defendant's lack of objection, the hours reasonably associated with Plaintiff's attorney's efforts to prosecute the case,[1] and the fair hourly rate. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (stating that "[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and

---

[1] Plaintiff's attorney filed a Complaint (Doc. 1), moved for the Plaintiff to proceed in forma pauperis (Doc. 7), reviewed the 1237-page record (Doc. 10), submitted a 24-page brief (Doc. 13) and 10-page reply (Doc. 17), and prepared for and presented argument at a hearing on the brief (Doc. 26).

may form an independent judgment either with or without the aid of witnesses as to value.") (quotation omitted). Plaintiff does not seek costs. Doc. 31.

If Plaintiff has no discernable federal debt, the government will accept Plaintiff's assignment of EAJA fees (Doc. 31-1 at p. 7) and pay the fees directly to Plaintiff's counsel. See *Astrue v. Ratliff*, 560 U.S. 586, 597 (2010) (discussing the government's practice to make direct payment of fees to attorneys only in cases where "the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney").

Accordingly, I RECOMMEND:

1. Plaintiff's unopposed Motion for Attorney's Fees Pursuant to the EAJA (Doc. 31) be granted.

2. Plaintiff be awarded $8,827.50 in attorney's fees.

3. The Clerk be directed to enter an amended judgment accordingly.

REPORTED in Tampa, Florida, on March 19, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge

4

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.