UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXIA DAIGNEAULT,

    Plaintiff,

v.                              Case No. 8:22-cv-2285-VMC-NHA

COMMISSIONER OF SOCIAL
SECURITY

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiff's Unopposed Motion for Authorization of Attorney Fees pursuant to 42 U.S.C § 406(b) (Doc. # 35), filed on May 5, 2025. For the reasons that follow, the Motion is granted.

**Discussion**

This action was initiated on December 20, 2022. (Doc. # 1). On February 21, 2024, the Court reversed the decision of the Commissioner of Social Security and remanded the matter for further consideration. (Doc. # 29). The Court, on April 5, 2024, granted Ms. Daigneault's first motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), in the amount of $8,827.50. (Doc. # 33). Now,

1

pursuant to 42 U.S.C § 406(b), Ms. Daigneault moves for attorney's fees in the amount of $2,783.00.

"42 U.S.C. § 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006). An award of attorney's fees is proper here. "After remand by this Court, an Administrative Law Judge (ALJ) issued a favorable decision finding [Ms. Daigneault] disabled. On November 11, 2024, the Social Security Administration issued a Notice informing [Ms. Daigneault] that she was entitled to back benefits." (Doc. # 35 at 2).

Upon review of the Motion, fee statement, and counsel's declaration, the Court agrees that $2,783.00 is a reasonable award of attorney's fees under the circumstances of this case.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Unopposed Motion for Authorization of Attorney Fees pursuant to 42 U.S.C § 406(b) (Doc. # 35) is **GRANTED.** Plaintiff is awarded $2,783.00 in attorney's fees. Unless the Department of Treasury determines that Plaintiff owes a federal debt, the government must pay the fees to

Plaintiff's counsel in accordance with Plaintiff's assignment of fees. The Clerk is directed to enter an amended judgment accordingly.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of May, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

3